IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROLINE S. BAILOR,

      Plaintiff,

v.

REVLON INC., a Delaware
Corporation, and REVLON
CONSUMER PRODUCTS
CORPORATION, a Delaware
Corporation.

      Defendants.

> ELECTRONICALLY
> FILED
> 5/24/2024
> U.S. DISTRICT COURT
> Northern District of WV

CIVIL CASE NO. 2:24-CV-8
Judge Kleeh

## COMPLAINT

AND NOW, comes the Plaintiff, Caroline Bailor, by and through her attorneys, Michael E. Metro, Esquire, James A. Villanova, Esquire, and Villanova Law Offices, P.C. and files the following Complaint, and in support thereof, avers as follows:

### PARTIES

1. Plaintiff, Caroline S. Bailor, (*hereinafter,* "Plaintiff"), is an adult individual currently residing at 1036 Possum Hollow Road, Millcreek, Randolph County, West Virginia 26003.

2. Defendant, Revlon Inc., (*hereinafter,* "Revlon") is a Delaware Corporation with its principal place of business in New York City, New York.

3. Defendant, Revlon Consumer Products Corporation, (*hereinafter,* "Products Corporation") is a Delaware Corporation with its principal place of business in New York City, New York.

4. Products Corporation is a subsidiary of Revlon.

## JURISDICTION AND VENUE

5. The above averments are included as if set forth at length.

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and involves citizens of different states.

7. Venue is proper in the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1391.

## BACKGROUND AND FACTS

8. The above averments are included as if set forth at length.

9. On or about July 7th, 2022, Plaintiff purchased a Revlon product: 42 Medium Auburn Hair Dye—Colorsilk Beautiful Color, (*hereinafter,* "Dye").

10. The specific instance of Dye was purchased from the Walmart Supercenter located at 721 Beverly Pike, Elkins, West Virginia 26241, (*hereinafter,* "Subject Dye").

11. Plaintiff had purchased and applied Dye for a period of at least ten (10) years prior to the purchase of Subject Dye without incident.

12. On or about July 8th, 2022, Plaintiff applied Subject Dye to her hair in the same manner as she had done for a period of at least ten (10) years prior to purchasing Dye.

13. Immediately after applying Dye to her hair, Plaintiff's hair began to fall out as a result of using Dye, a condition which has continued to this day. Plaintiff suffered additional injuries, including chemical burns, as detailed below.

14. On or about July 9th, 2022, Plaintiff returned Subject Dye to the Walmart Supercenter in Elkins, WV where it was purchased.

15. Revlon and Product Corporation's Dye was defective and was the sole cause of damage suffered by Plaintiff.

## COUNT I: STRICT LIABILITY

### *Carolyn S. Bailor* v. *Revlon, Inc.*

16. The above averments are included as if set forth at length.

17. Revlon designed, manufactured, assembled, formulated, sold, distributed, or placed Subject Dye into the stream of commerce which was used by Plaintiff in accordance with all included safety instructions.

18. Dye was defective either from the time that Subject Dye was formulated or manufactured.

19. As a direct and proximate result of Revlon's defective product and Revlon's negligence, Plaintiff was caused to be injured in the following ways:

    a. Plaintiff was injured in and about her head, hair, scalp, skin, muscle tissues, body, body chemistry, psyche and other body parts; all or part of which are permanent and lasting in nature;

    b. Plaintiff has suffered and will continue to suffer great pain of body and mind;

  c. Plaintiff has been prevented from carrying out the duties and responsibilities of her life;

  d. Plaintiff has been prevented from leading her life socially and recreationally as she had prior to this incident; and

  e. Plaintiff has suffered a reduction in her capacity to earn a living.

WHEREFORE, the above-described conduct of Revlon has directly and proximately caused injury to Plaintiff, and Plaintiff demands judgment, jointly and severally, against Revlon for the following relief and damages:

  a) Compensatory damages for past, present, and future medical and life care expenses, lost wages, loss of earning capacity and all other special damages And loss of services in a fair and just amount determined by a jury;

  b) General damages for past present and future pain and suffering, mental anguish, permanent injury, inconvenience, loss of society, service and companionship, loss of enjoyment of life and emotional distress in a fair and just amount determined by a jury;

  c) Pre-judgement and post-judgement interest.

  d) Costs and attorney fees expended in this action; and

  e) Any other further general or specific relief which the Court or jury may deem just or proper.

**A JURY TRIAL IS DEMANDED**

## COUNT II: NEGLIGENCE

### *Carolyn S. Bailor* v. *Revlon Inc.*

20. The above averments are included as if set forth at length.

21. Revlon owes a duty of care to those individuals who use their products in a way that is reasonably foreseeable to Revlon, such as Plaintiff did on July 8th, 2022.

22. In specific, Revlon owes a duty to use reasonable care when designing, manufacturing, assembling, formulating, selling, distributing, or placing products such as Subject Dye which was used by Plaintiff in accordance with all included safety instructions into the stream of commerce.

23. Revlon breached this duty and was negligent in the following acts or omissions:

   a. Revlon designed, manufactured, assembled, formulated, sold, distributed Subject Dye in such a condition that it could not be applied in a safe manner;

   b. Revlon negligently placed Subject Dye into the stream of commerce in a manner so eminently dangerous and inherently defective that users could appreciate the dangers associated with its use;

   c. Revlon failed to warn consumers of the risk of hair loss while using Dye;

   d. Revlon failed to instruct or insufficiently instructed consumers on how to mitigate the risk of hair loss while using their products;

   e. Revlon failed to instruct consumers on specific safety issues related to hair loss;

f.  Revlon failed to monitor its supply chain to ensure no foreign substances were present in their products;

g.  Revlon failed to monitor its subsidiaries to ensure that they were following industry standard quality control practices;

h.  Revlon failed to require its subsidiaries or manufacturers to inform it of quality control issues;

i.  Revlon failed to follow reasonable quality control procedures and standards which would mitigate the damage of improper manufacturing or formulation of Dye; and

j.  If the formulation of Dye changed, Revlon failed to warn consumers of a change in the formulation.

24. At all relevant times Plaintiff mitigated her own damages by following all of Revlon's safety warnings, including but not limited to the following:

a.  Not applying Subject Dye within fourteen (14) days of bleaching, relaxing, or perming her hair;

b.  Not applying Subject Dye after receiving a temporary "Black Henna" tattoo;

c.  Not applying Subject Dye while having a rash on her face;

d.  Not applying Subject Dye to the eyebrows or eyelashes;

e.  Not applying Subject Dye while having a sensitive, irritated, and damaged scalp;

f.   Not applying Subject Dye after experiencing any reaction after coloring her hair for a period of at least ten (10) years;

g.   Immediately rinsing her hair and discontinuing use of the product following the reaction that took place on July 8th, 2022; and

h.   All other reasonable and prudent safety measures.

25. As a direct and proximate result of Revlon's defective product and Revlon's negligence, Plaintiff was caused to be injured in the following ways:

a.   Plaintiff was injured in and about her head, hair, scalp, skin, muscle tissues, body, body chemistry, psyche and other body parts; all or part of which are permanent and lasting in nature;

b.   Plaintiff has suffered and will continue to suffer great pain of body and mind;

c.   Plaintiff has been prevented from carrying out the duties and responsibilities of her life;

d.   Plaintiff has been prevented from leading her life socially and recreationally as she had prior to this incident; and

e.   Plaintiff has suffered a reduction in her capacity to earn a living.

WHEREFORE, the above-described conduct of Revlon has directly and proximately caused injury to Plaintiff, and Plaintiff demands judgment, jointly and severally, against Revlon for the following relief and damages:

a) Compensatory damages for past, present, and future medical and life care expenses, lost wages, loss of earning capacity and all other special damages And loss of services in a fair and just amount determined by a jury;

b) General damages for past present and future pain and suffering, mental anguish, permanent injury, inconvenience, loss of society, service and companionship, loss of enjoyment of life and emotional distress in a fair and just amount determined by a jury;

c) Pre-judgement and post-judgement interest;

d) Costs and attorney fees expended in this action; and

e) Any other further general or specific relief which the Court or jury may deem just or proper.

**A JURY TRIAL IS DEMANDED**

## COUNT III: BREACH OF WARRANTY

*Carolyn S. Bailor* v. *Revlon Inc.*

26. The above averments are included as if set forth at length.

27. At all relevant times, by sale of Dye and other consumer cosmetic products, Revlon expressly and impliedly warranted to users through their actions, representations, promises, affirmations, promotions, product literature, photographs and promotional material, to all prospective consumers and the public generally, including Plaintiff, that Dye was of such quality and

reasonably fit for the purpose of serving as a cosmetic product that one could self-apply with out specific training or knowledge.

28. Revlon breached these express and implied warranties by manufacturing and distributing a product that was not reasonably safe, in the following manners:

   a. Revlon failed to maintain adequate quality controls as to prevent serious, life changing, and permanent injuries like the one suffered by Plaintiff;

   b. Revlon failed to clearly and effectively warn the end user of the risks associated with Dye;

   c. Revlon failed to ensure that its suppliers properly formulated and followed sufficient quality controls that would have prevented Plaintiff from being injured.

29. As a direct and proximate result of Revlon's defective product and Revlon's breach of warranty, Plaintiff was caused to be injured in the following ways:

   a. Plaintiff was injured in and about her head, hair, scalp, skin, muscle tissues, body, body chemistry, psyche and other body parts; all or part of which are permanent and lasting in nature;

   b. Plaintiff has suffered and will continue to suffer great pain of body and mind;

   c. Plaintiff has been prevented from carrying out the duties and responsibilities of her life;

d. Plaintiff has been prevented from leading her life socially and recreationally as she had prior to this incident; and

e. Plaintiff has suffered a reduction in her capacity to earn a living.

## A JURY TRIAL IS DEMANDED

WHEREFORE, the above-described conduct of Revlon has directly and proximately caused injury to Plaintiff, and Plaintiff demands judgment, jointly and severally, against Revlon for the following relief and damages:

a) Compensatory damages for past, present, and future medical and life care expenses, lost wages, loss of earning capacity and all other special damages And loss of services in a fair and just amount determined by a jury;

b) General damages for past present and future pain and suffering, mental anguish, permanent injury, inconvenience, loss of society, service and companionship, loss of enjoyment of life and emotional distress in a fair and just amount determined by a jury;

c) Pre-judgement and post-judgement interest;

d) Costs and attorney fees expended in this action; and

e) Any other further general or specific relief which the Court or jury may deem just or proper.

## COUNT IV: STRICT LIABILITY

### *Carolyn Bailor* v. *Revlon Consumer Products Corporation*

30. The above averments are included as if set forth at length.

31. Products Corporation designed, manufactured, assembled, formulated, sold, distributed, or placed the subject Dye into the stream of commerce which was used by Plaintiff in accordance with all included safety instructions.

32. Subject Dye was defective either from the time that Subject Dye was formulated or manufactured.

33. As a direct and proximate result of Products Corporation's defective product and Products Corporation's negligence, Plaintiff was caused to be injured in the following ways:

   a. Plaintiff was injured in and about her head, hair, scalp, skin, muscle tissues, body, body chemistry, psyche and other body parts; all or part of which are permanent and lasting in nature;

   b. Plaintiff has suffered and will continue to suffer great pain of body and mind;

   c. Plaintiff has been prevented from carrying out the duties and responsibilities of her life;

   d. Plaintiff has been prevented from leading her life socially and recreationally as she had prior to this incident; and

   e. Plaintiff has suffered a reduction in her capacity to earn a living.

WHEREFORE, the above-described conduct of Products Corporation has directly and proximately caused injury to Plaintiff, and Plaintiff demands judgment, jointly and severally, against Products Corporation for the following relief and damages:

a) Compensatory damages for past, present, and future medical and life care expenses, lost wages, loss of earning capacity and all other special damages And loss of services in a fair and just amount determined by a jury;

b) General damages for past present and future pain and suffering, mental anguish, permanent injury, inconvenience, loss of society, service and companionship, loss of enjoyment of life and emotional distress in a fair and just amount determined by a jury;

c) Pre-judgement and post-judgement interest;

d) Costs and attorney fees expended in this action; and

e) Any other further general or specific relief which the Court or jury may deem just or proper.


A JURY TRIAL IS DEMANDED


## COUNT V: NEGLIGENCE

*Carolyn S. Bailor* v. *Revlon Consumer Products Corporation*

34. The above averments are included as if set forth at length.

35. Products Corporation owes a duty of care to those individuals who use their products in a way that is reasonably foreseeable to Products Corporation, such as Plaintiff did on July 8th, 2022.

36. In specific, Products Corporation owes a duty to use reasonable care when designing, manufacturing, assembling, formulating, selling, distributing, or placing products such as the subject Dye which was used by Plaintiff in accordance with all included safety instructions into the stream of commerce.

37. Products Corporation breached this duty and was negligent in the following acts or omissions:

   a. Products Corporation designed, manufactured, assembled, formulated, sold, distributed Dye in such a condition that it could not be applied in a safe manner;

   b. Products Corporation negligently placed Dye into the stream of commerce in a manner so eminently dangerous and inherently defective that users could appreciate the dangers associated with its use;

   c. Products Corporation failed to warn consumers of the risk of hair loss while using Dye;

   d. Products Corporation failed to instruct or insufficiently instructed consumers on how to mitigate the risk of hair loss while using their products;

   e. Products Corporation failed to instruct consumers on specific safety issues related to hair loss;

    f.  Products Corporation failed to monitor its supply chain to ensure no foreign substances were present in their products;

    g.  Products Corporation failed to require its supply chain to inform Products Corporation of manufacturing defects that may be present within its products;

    h.  Products Corporation failed to follow reasonable quality control procedures and standards which would mitigate the damage of improper manufacturing or formulation of Dye; and

    i.  If the formulation of Dye changed, Products Corporation failed to warn consumers of a change in the formulation.

38. At all relevant times Plaintiff mitigated her own damages by following all of Products Corporation's safety warnings, including but not limited to the following:

    a.  Not applying Subject Dye within fourteen (14) days of bleaching, relaxing, or perming her hair;

    b.  Not applying Subject Dye after receiving a temporary "Black Henna" tattoo;

    c.  Not applying Subject Dye while having a rash on her face;

    d.  No applying Subject Dye to the eyebrows or eyelashes;

    e.  Not applying Subject Dye while having a sensitive, irritated, and damaged scalp;

  f. Not applying Dye after experiencing any reaction after coloring her hair for a period of at least ten (10) years;

  g. Immediately rinsing her hair and discontinuing use of the product following the reaction that took place on July 8th, 2022; and

  h. All other reasonable and prudent safety measures.

39. As a direct and proximate result of Products Corporation's defective product and Products Corporation's negligence, Plaintiff was caused to be injured in the following ways:

  a. Plaintiff was injured in and about her head, hair, scalp, skin, muscle tissues, body, body chemistry, psyche and other body parts; all or part of which are permanent and lasting in nature;

  b. Plaintiff has suffered and will continue to suffer great pain of body and mind;

  c. Plaintiff has been prevented from carrying out the duties and responsibilities of her life;

  d. Plaintiff has been prevented from leading her life socially and recreationally as she had prior to this incident; and

  e. Plaintiff has suffered a reduction in her capacity to earn a living.

WHEREFORE, the above-described conduct of Products Corporation has directly and proximately caused injury to Plaintiff, and Plaintiff demands

judgment, jointly and severally, against Products Corporation for the following relief and damages:

a) Compensatory damages for past, present, and future medical and life care expenses, lost wages, loss of earning capacity and all other special damages And loss of services in a fair and just amount determined by a jury;

b) General damages for past present and future pain and suffering, mental anguish, permanent injury, inconvenience, loss of society, service and companionship, loss of enjoyment of life and emotional distress in a fair and just amount determined by a jury;

c) Pre-judgement and post-judgement interest;

d) Costs and attorney fees expended in this action; and

e) Any other further general or specific relief which the Court or jury may deem just or proper.

**A JURY TRIAL IS DEMANDED**

## COUNT VI: BREACH OF WARRANTY

### *Carolyn S. Bailor v. Revlon Consumer Products Corporation*

40. The above averments are included as if set forth at length.

41. At all relevant times, by sale of Dye and other consumer cosmetic products, Products Corporation expressly and impliedly warranted to users through their actions, representations, promises, affirmations, promotions, product

literature, photographs and promotional material, to all prospective consumers and the public generally, including Plaintiff, that Dye was of such quality and reasonably fit for the purpose of serving as a cosmetic product that one could self-apply with out specific training or knowledge.

42. Products Corporation breached these express and implied warranties by manufacturing and distributing a product that was not reasonably safe, in the following manners:

    a.  Products Corporation failed to maintain adequate quality controls as to prevent serious, life changing, and permanent injuries like the one suffered by Plaintiff;

    b.  Products Corporation failed to clearly and effectively warn the end user of the risks associated with Dye;

    c.  Products Corporation failed to ensure that its suppliers properly formulated and followed sufficient quality controls that would have prevented Plaintiff from being injured.

43. As a direct and proximate result of Products Corporation's defective product and Products Corporation's breach of warranty, Plaintiff was caused to be injured in the following ways:

    a.  Plaintiff was injured in and about her head, hair, scalp, skin, muscle tissues, body, body chemistry, psyche and other body parts; all or part of which are permanent and lasting in nature;

b. Plaintiff has suffered and will continue to suffer great pain of body and mind;

c. Plaintiff has been prevented from carrying out the duties and responsibilities of her life;

d. Plaintiff has been prevented from leading her life socially and recreationally as she had prior to this incident; and

e. Plaintiff has suffered a reduction in her capacity to earn a living.

WHEREFORE, the above-described conduct of Products Corporation has directly and proximately caused injury to Plaintiff, and Plaintiff demands judgment, jointly and severally, against Products Corporation for the following relief and damages:

a) Compensatory damages for past, present, and future medical and life care expenses, lost wages, loss of earning capacity and all other special damages And loss of services in a fair and just amount determined by a jury;

b) General damages for past present and future pain and suffering, mental anguish, permanent injury, inconvenience, loss of society, service and companionship, loss of enjoyment of life and emotional distress in a fair and just amount determined by a jury;

c) Pre-judgement and post-judgement interest;

d) Costs and attorney fees expended in this action; and

e) Any other further general or specific relief which the Court or jury may deem just or proper.

A JURY TRIAL IS DEMANDED

Respectfully submitted,

James A. Villanova, Esquire
W. Va. I.D. № 7120
Michael E. Metro, Esquire
W. Va. I.D. № 9590
*Attorneys for Plaintiff*
Villanova Law Offices, P.C.
16 Chatham Street
Pittsburgh, PA 15219
Telephone:  +1 (412) 471-1933
Facsimile:  +1 (412) 471-2733
Email: villanova.law.offices@gmail.com